IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| LASHEMIA COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: |
| | ) |
| SUPERIOR SENIOR & DISABLED CARE, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, LASHEMIA COOPER ("PLAINTIFF"), and files this Complaint against DEFENDANT, SUPERIOR SENIOR & DISABLED CARE, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation, with a principal address in Green Cove Springs, Florida, and upon information and belief, DEFENDANT provided in-home care to clients in Alachua County, Florida, among other places.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

       Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

7. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around the fall of 2016, DEFENDANT hired PLAINTIFF to work as a home care worker who was paid $10 per hour. In that regard, PLAINTIFF cooked and did chores for members of the households of the clients for whom she cared. Also, more than 20 percent of her total working time in a workweek was spent assisting with personal care, such as bathing, dressing, toileting, grooming, cooking and cleaning. She also performed work that was traditionally done by nurses or certified nursing assistants such as wound care.

10. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

11. Throughout her employment, PLAINTIFF was required to work 70 or more hours per week. Only during the most recent 12 months of her employment has DEFENDANT paid time and one-half for at least some of the overtime hours that PLAINTIFF worked.

      Prior to that, DEFENDANT refused to pay time and one-half no matter how many hours PLAINTIFF worked, instead only paying her at straight time.

12. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for all of her hours at a rate of one and one-half times her usual hourly rate when she worked more than 40 hours per week.

13. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

14. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

15. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used goods and materials which have moved in interstate commerce.

16. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

17. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which she did not receive appropriate compensation.

18. During her employment with DEFENDANT, PLAINTIFF performed work for which she was not properly compensated in violation of the provisions of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half for all her hours when she worked more than 40 hours in a week.

19. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

20. DEFENDANT'S failure to compensate PLAINTIFF for her overtime violates the overtime provisions of the FLSA and the regulations thereunder.

21. DEFENDANT'S failure to compensate PLAINTIFF for her overtime was a willful and knowing violation of the Act.

22. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

23. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of one and one-half times her agreed hourly rate for the overtime hours she worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

24. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees and costs, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLSA-RETALIATION

25. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

26. Throughout her employment, PLAINTIFF complained to DEFENDANT that she was not getting paid in accordance with the FLSA's overtime provisions.

27. Upon information and belief, in retaliation for her complaints, DEFENDANT removed PLAINTIFF from its schedule so that she would not have any work to do, upon information and belief, in an effort to make PLAINTIFF resign.

28. As a result, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover attorney's fees and costs of litigation, lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial

by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  December 23, 2019

                Respectfully submitted,

                **THE LAW OFFICE OF MATTHEW BIRK**

                **/s/ Matthew W. Birk**
                **Matthew W. Birk**
                Florida Bar No.:  92265
                309 NE 1st Street
                Gainesville, FL  32601
                (352) 244-2069
                (352) 372-3464 FAX
                mbirk@gainesvilleemploymentlaw.com
                ATTORNEYS FOR PLAINTIFF